# City of York, Appellant, *v.* The Public Service Commission (No. 2).

*Public Service Commission—Public Service Company Law—Water companies—Rates—Taxes—Going concern value.*

In determining a fair return allowable to a water company, the amount paid for federal taxes, and allowed as operating expenses, should be deducted from the seven per cent return allowed on the property used and useful.

On a complaint against the schedule of rates filed by a public service company, it is proper for the Public Service Commission to allow the expenses of the litigation to be distributed over a period of years. There is no hard and fast rule as to these expenses. There may be cases where the expenses should fall entirely on the stockholders of a corporation. Under some circumstances, however, the expenses should be collected from the patrons of the company. Where the rates asked were found to be reasonable, the company is justified in trying to have the commission sanction them. The disposition of such an item should properly be left to the discretion of the Public Service Commission.

Where a Public Service Company has accumulated a sum of money as a permanent fund to be kept exclusively for renewing its works, it is error to deduct the four per cent earned by such fund from the amount of annual depreciation. The fund was withheld from the stockholders in order that it might be used in preserving the plant in good condition and in proper efficiency. This was good business judgment on the part of the officers of the corporation and should be approved. Public service corporations are

to be encouraged in maintaining their plants in a proper state of efficiency. It was error to omit this reserve fund from the valuation of the plant.

An allowance of going concern value of $250,000.00 cannot be sustained where there is not sufficient evidence to support it.

Argued November 17, 1924. Appeal, No. 5, March T., 1925, by plaintiff, from order and decree of the Public Service Commission of the Commonwealth of Pennsylvania, Complaint Docket No. 5594, in the case of the City of York v. The Public Service Commission of Pennsylvania and the York Water Company. Before OR-LADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Complaint before the Public Service Commission on schedule of rates filed by the York Water Company.

The facts are stated in the opinion of the Superior Court.

The Public Service Commission dismissed the complaint. Complainant appealed.

*Error assigned* was the order of the commission.

*John L. Rouse* and *Charles K. Robinson,* and with them *Samuel K. McCall,* City Solicitor, for appellant.

*J. E. B. Cunningham* and *George Hay Kain,* and with them *Richard E. Cochran* and *Berne H. Evans,* for intervening appellee.

OPINION BY TREXLER, J., March 16, 1925:

This is an appeal from an order of the Public Service Commission dismissing a complaint of the City of York against a rate schedule of the York Water Company.

1. Is the order of the commission fixing seven per cent as a proper rate of return upon the fair value of the property of the York Water Company reasonable and in conformity with law? Federal courts have held that

federal income taxes may be included in operating expenses. This operates in relief of the stockholders. It enhances their return to the extent of the taxes paid: Galveston Electric Co. v. Galveston, 258 U. S. 388. If we take the view that seven per cent was a fair return before such taxes were allowed as operating expenses and so recognized by the Public Service Commission in numerous instances, we see no reason why the rate in this case should not be reduced so that the reduction may equal the amount of the taxes included in the operating expenses. It thus preserves the amount previously paid to the stockholders and what they should now receive at the same level. We are met with the argument that in the Bangor Water Company v. P. S. C., 82 Pa. Superior Ct. 48, we allowed seven per cent; at the same time allowed the federal taxes to be included as an operating expense. The tax in that case was only two hundred and fifty dollars, too small in proportion to the amount of the return to in any marked degree affect the result. Moreover, the point does not seem to have been raised in that case and in any event there is no absolute rule which compels the rate to be the same in every case. There may have been circumstances in that case which led this court to believe that the two hundred and fifty dollars federal tax paid which would be a return in addition to the seven per cent was all right. We think it stands to reason that if without the inclusion of the federal taxes as operating expenses seven per cent was a reasonable return, thereafter, ceteris paribus, the amount so paid by the company should be considered as entering into the computation and should be deducted from the seven per cent.

2. Another assignment is directed to the distribution over a period of three years of the expenses in part of this litigation. There is no hard and fast rule as to these expenses. There may be cases where the expenses should fall entirely on the stockholders of a corporation. On the other hand, there may be cases where such ex-

penses should be collected from the patrons of a com-
pany. In this case the rates asked were found to be
reasonable and the event proves that the company was
justified in trying to have the commission sanction them.
The disposition of such an item must ordinarily be left
to the discretion of the Public Service Commission.

3. The commission allowed $250,000—as going con-
cern value. This was to compensate for the lag in the
development of the company in its obtaining patronage
and acquiring earning power. This water company be-
gan its corporate existence in 1816. There is absolutely
no evidence there was any lag at that time. This amount
is allowed purely on an hypothesis. The respondents
claim $400,000. The commission allowed $250,000.
Some corporations have years of tedious waiting until
they get on a paying basis; others have an immediate
public demand and a profitable return as soon as started.
Some fact must disclose to which class the particular
corporation under consideration belongs. Before we
figure going concern value, we should have such evidence
that there was a lag before the business became estab-
lished. We quote from Newport Home Water Co. v.
P. S. C., 76 Pa. Superior Ct. 386, 395, "Different methods
may be used in computing or attempting to compute and
determine the losses in early years during the develop-
ment period of the business of a public service company,
for purposes of capitalization, and as an aid to judg-
ment in deciding whether or not such early losses should
be capitalized. Whatever method is adopted, however,
it is necessary, in order to arrive at any satisfactory
conclusion, that there must be some evidence as to the
operating expenses and gross revenues of the company
during the years of the development of its business."
It is not sufficient to show that there have been periods
of financial depression during which the business was
poor. The idea of allowing the losses of the period of
development, is merely another way of expressing that
allowance shall be made for the cost of establishing the

business. As a general proposition it is not allowable to capitalize past losses. See Galveston Electric Co. v. City of Galveston, 258 U. S. 388; Georgia R. R. & Power Co. v. Georgia Commission, 262 U. S. 265.

4. It has been the custom of the company to set aside from time to time certain sums as a permanent fund to be kept exclusively for renewing the works. This fund consists of real estate and securities, which are held by the company and aggregate about $300,000. The keeping of such a fund is consistent with good business methods and has been so recognized in some of the opinions of the courts. The company admits that if the sum should be treated as entering into the rate base, as property of the company devoted to the public service, then the income of this fund at four per cent or $12,000— should be credited to the annual depreciation account. The commission found that $25,000—would be a just and reasonable allowance for depreciation. It did not include the $300,000—in the rate base but deducted $12,000—from the $25,000—allowed for annual depreciation saying that that much of the $25,000 was provided for in the sinking fund. It is argued by the respondent's counsel and with reason, that the company would have been far better off if instead of creating a fund it would have paid the stockholders this $300,000 in the shape of dividends. In its report the commission states, "In our opinion the respondents have no constitutional right to demand, and it would be unfair to require, that the consumer, in addition to furnishing the money comprising the fund, shall pay the respondents a return thereon in advance of the time when the fund shall be converted into property actually and directly used in the public service." Even if this reasoning were correct, it should lead to the exclusion of this $300,000 in the calculation, not only from the rate base but also from the sum allowed for annual depreciation. We, therefore, think that the commission erred in deducting the four per cent earned by the sinking fund from the

amount of annual depreciation. The justification of the action of the Public Service Commission in their view is found in Erie City et al. v. P. S. C., 278 Pa. 512, but we find nothing in that case which we think sustains this position. That case was a natural gas case and the question we are now considering is not referred to in the opinion. There is no doubt about it that the item of accrued depreciation is one that should be considered in the fixing of a rate. All that can be asked for where a sinking fund is created is that if considered as an asset of the company its earnings must be used for the benefit of the utility, and that if such a fund exceeds the theoretical depreciation it eliminates it from the calculation. In the case of Bonbright v. Geary, 210 Fed. Rep. 44, the United States District Court expressed what we think the proper view. In that case there was in the treasury a certain amount accumulated for the purpose of meeting the expense of current repairs and replacement, the court goes on to say, "The fund had been withheld from the stockholders that it might be used in preserving the plant in good condition and in proper efficiency. This was good business judgment on the part of the officers of the corporation and must be approved. Public service corporations are to be encouraged in maintaining their plants in a proper state of efficiency. We are of the opinion that the commission was in error in its estimate of depreciation of this plant, and particularly was in error in omitting this reserve fund from its valuation of the plant."

The sum fixed by the commission as a rate base was $3,823,800. From this we deduct $250,000 which was allowed for the cost of establishing the business and which we have disallowed. This leaves the rate base $3,573,800. Deducting the federal taxes as amounting to eight-tenth of one per cent the return rate would be six and two-tenth per cent of the above sum which amounts to $221,575.60. Adding to this the operating expense $134,753 and $25,000 depreciation amount en-

titles the company to a return of $381,328.60 which is about approximately the amount which the present rates are calculated to yield. Although we cannot agree with the commission as to the allowance or disallowance of certain items above referred to, we all agree that the rates fixed are just and reasonable. The finding of the commission must be affirmed.